IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| CARLOS DE'ANDRE PARHAM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:17-CV-130 (MTT) |
| ) | |
| GEORGIA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pursuant to 28 U.S.C. § 1915A(a), United States Magistrate Judge Stephen Hyles has conducted a preliminary screening of Plaintiff Carlos De'andre Parham's recast complaint (Doc. 10). *See generally* Doc. 14. The Magistrate Judge recommends that the Plaintiff's excessive force claims against Defendants C.E.R.T. Unit Manager Holloman, Medical Administrator/C.E.R.T. Officer Hendrix, C.E.R.T. Officer Ingram, and C.E.R.T. Officer White should proceed for further factual development. Doc. 14 at 5, 15. The Magistrate Judge recommends that the Plaintiff's remaining claims be dismissed without prejudice for failure to state a claim upon which relief may be granted. *Id.* There is no objection to the Recommendation. The Court has reviewed the Recommendation, and the Court adopts the findings, conclusions, and recommendations of the Magistrate Judge. Accordingly, the Plaintiff's excessive force claims against Defendants Holloman, Hendrix, Ingram, and White are allowed to proceed for factual development. Meanwhile, the Plaintiff's claims against the Georgia Department of Corrections, Lieutenant Roderick Daniels, and any remaining claims

against Defendants Holloman, Hendrix, Ingram and White are **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.[1]

**SO ORDERED** this 30th day of August, 2017.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations is about to run on the Plaintiff's § 1983 claims as the events upon which those claims rely occurred in September 2015. Doc. 10 at 5; *Wilson v. Hamilton*, 135 F. App'x 213, 214 (11th Cir. 2005) ("In Georgia . . . the statute of limitations for all § 1983 claims is two years."). "Where a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)). *But see Scott v. Muscogee Cty., Ga.*, 949 F.2d 1122, 1123 (11th Cir. 1992) (Georgia's renewal statute (O.C.G.A. § 9-2-61) may apply in a 42 U.S.C. § 1983 action). If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because the Plaintiff was informed that his initial complaint failed to state a claim, advised of the insufficiencies in his complaint, and ordered to file an amended complaint, which he did but that also failed to state a claim. Docs. 8 (ordering the Plaintiff to amend his complaint); 10 (The Plaintiff's Amended Complaint); *see also Friedlander v. Nims,* 755 F.2d 810, 813 (11th Cir. 1985) *abrogated on other grounds by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002); *Marantes v. Miami-Dade Cty.,* 649 F. App'x 665, 673 (11th Cir. 2016) ("[O]ur case law does not require a district court to give a pro se litigant multiple opportunities to amend."); *Bloom v. Alvereze,* 498 F. App'x 867, 884 (11th Cir. 2012) (citing *Welch v. Laney,* 57 F.3d 1004, 1009 (11th Cir. 1995) ("After a district court grants an opportunity to amend and identifies the pleading's deficiencies, dismissal with prejudice is appropriate.").