# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ALBANY DIVISION

| | |
|---|---|
| CARLOS DE'ANDRE PARHAM, : <br> : <br> Plaintiff, : <br> VS. : <br> : <br> GEORGIA DEPARTMENT OF : <br> CORRECTIONS, *et al.*, : <br> : <br> Defendants. : | CASE NO. 1:17-CV-00130-MTT-MSH |

## REPORT AND RECOMMENDATION

Presently pending before the Court are Defendant's motion to dismiss (ECF No. 22) and Plaintiff's motion to amend (ECF No. 26). For the reasons explained below, it is recommended that Defendant's motion to dismiss be granted and Plaintiff's motion to amend be denied.

## BACKGROUND

Plaintiff's claims arise from his incarceration at Calhoun State Prison. According to Plaintiff's Recast Complaint, Plaintiff and his cellmates were accused of hiding contraband—a cell phone and "green leafy material"—in their cell. Recast Compl. 5, ECF No. 10. Plaintiff alleges that during the disciplinary hearing related to this infraction, one of his cellmates "took full responsibility for said contraband" and made clear that Plaintiff "had no knowledge of its presents [sic] or location." *Id*. Despite this cellmate's confession, Defendant Daniels, the disciplinary hearing officer, found Plaintiff guilty of possessing the contraband even though Defendant Daniels acknowledged to

Plaintiff that "he truly believed" the contraband did not belong to Plaintiff. *Id.* at 6. Plaintiff states that he "protested" this decision at the time, and he was then asked to leave the room. *Id.*

Shortly after Plaintiff left the room, Plaintiff alleges that Defendant Daniels conferred with Defendant Holloman, the unit manager. Plaintiff was asked again to step outside, where he "was surrounded by C.E.R.T. officers White, Ingram & Hendrix" who placed him in handcuffs. *Id.* Plaintiff alleges he was compliant with the officers' instructions, but when he questioned why he was being handcuffed, Defendant Holloman instructed the other officers to "TAKE [Plaintiff] DOWN." *Id.* Plaintiff contends Defendants White, Ingram, and Hendrix lifted him off his feet, twisted his arms, brought him "down face 1st into the pavement blinding [him] for seconds," "dove" onto Plaintiff's back, and cuffed him very tightly. *Id.* at 7. Plaintiff alleges he was not resisting during this episode. *Id.* Plaintiff states he was then locked into a two man cell for forty-nine days and later returned to general population despite requesting protective custody. *Id.*

After a preliminary review of his recast complaint, only Plaintiff's claim for excessive force against Defendants Holloman, Hendrix, Ingram, and White was allowed to proceed. Order 1-2, Aug. 30, 2017, ECF No. 19. Defendants moved to dismiss for, *inter alia*, Plaintiff's failure to exhaust his administrative remedies for the excessive force claim. (ECF No. 22.) Plaintiff responds that he either sufficiently exhausted or attempted to exhaust. (ECF No. 25.) Plaintiff also moves to amend (ECF No. 26) to assert additional facts concerning his excessive force claim and to bring additional

claims. These motions are ripe for review.

## DISCUSSION

I.  **Defendants' Motion to Dismiss**

Defendants move to dismiss claiming, first, that Plaintiff failed to exhaust his administrative remedies. Plaintiff responds with multiple arguments for why this Court should excuse his failure to exhaust. Because the Court finds that Plaintiff did not exhaust his administrative remedies, the Court declines to address Defendants' other grounds for dismissal.

   A.  Exhaustion Standard

Title 42, United States Code section 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." "[W]hen a state provides a grievance procedure for its prisoners, as Georgia does here, an inmate alleging harm suffered from prison conditions must file a grievance and exhaust the remedies available under that procedure before pursuing a § 1983 lawsuit." *Johnson v. Meadows*, 418 F.3d 1152, 1156 (11th Cir. 2005) (internal quotation marks and citation omitted). The argument that a plaintiff has failed to satisfy section 1997e(a) is properly raised in a motion to dismiss. *Bryant v. Rich*, 530 F.3d 1368, 1375 (11th Cir. 2008) ("[E]xhaustion should be decided on a Rule 12(b) motion to dismiss[.]"). Furthermore, since dismissal for failure to exhaust is not an adjudication on the merits, the Court can resolve factual disputes using evidence from outside the pleadings. *Id.* at 1376.

"[D]eciding a motion to dismiss for failure to exhaust administrative remedies is a two-step process." *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). "First, the court looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, takes the plaintiff's versions of the facts as true." *Id.* If, taking plaintiff's facts as being true, the defendant is entitled to dismissal for failure to exhaust, then the complaint should be dismissed. *Id.* "If the complaint is not subject to dismissal at the first step . . . , the court then proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Id.* The defendant bears the burden of proof during this second step. *Id.*

B.  Plaintiff's Failure to Exhaust

Defendants move to dismiss for lack of exhaustion claiming that the Georgia Department of Corrections (GDOC) has a grievance procedure that applies to all inmates, but Plaintiff failed to fully utilize this procedure regarding his claims for excessive force. Defs.' Br. in Supp. of Mot. to Dismiss 3-11, ECF No. 22-1. Plaintiff responds that he fully exhausted four grievances at Calhoun State Prison; that because his claim is for excessive force, filing a grievance would be futile; that he did exhaust through grievance 205763; and that he appealed grievances 224795 and 205763, but he has not received a response regarding those appeals. Br. in Opp'n to Mot. to Dismiss 1-7, ECF No. 25. Because at the first stage of the exhaustion analysis the Court must take Plaintiff's version of the facts as being true, Plaintiff's Complaint cannot be dismissed for lack of exhaustion at this first step. *Turner*, 541 F.3d at 1082; *see also Dollar v. Coweta Cty. Sheriff Office*, 446 F. App'x 248, 251-52 (11th Cir. 2011).

Since the Complaint was not dismissed at the first step, the Court can make factual findings relating to exhaustion. A defendant bears the burden of establishing a lack of exhaustion at the second step of the inquiry. *Turner*, 541 F.3d at 1082-83. The Court makes the following factual findings and determines that Defendants have met their burden regarding Plaintiff's failure to exhaust.

Calhoun State Prison follows the GDOC's Standard Operating Procedures (SOPs) regarding grievances. Scott Aff. ¶ 3, ECF No. 22-2. The SOPs mandate that an inmate follow a two-step process in order to exhaust his remedies: (1) file an original grievance; and (2) file an appeal to the Central Office. *Id.* ¶ 3 & Ex. 1 at 8-14, ECF No. 22-3. Except for a limited number of non-grievable issues, an inmate "may file a grievance about any condition, policy, procedure, or action or lack thereof that affects the offender personally. Scott Aff. Ex. 1 at 6-7. The inmate must file the grievance within ten days of the event giving rise to the grievance. *Id.* Ex. 1 at 9. A warden has forty calendar days within which to respond to an original grievance. *Id.* Ex. 1 at 11. An inmate may file an appeal after the warden issues a decision or after the time allowed for the warden to make his decision expires. *Id.* Ex. 1 at 13.

Plaintiff alleges that the excessive force occurred on September 17, 2015. Recast Compl. 5. He filed grievance number 205763 on October 6, 2015. Scott Aff. Ex. 2 at 1, ECF No. 22-4. Therein, Plaintiff complains:

> As of 10-2-15 from 9-18-15 I have been requesting Voluntary assignment to Admin. Seg out of fear for my life and well being. A official statement has official statement has been given to C.E.R.T Officer Hendrix, Cpt. Tomb, Warden Hall and Sgt. Malone signed and dated by myself. On each attempt there has been no action. This instant filing is for the lack

5

> thereof prison staff complying with rule 125-3-1 and S.O.P. II B09-0001 as I am in fear of my life, staff and other inmates as the corruption of the staff and inmate population at Calhoun has cause my mental health to become unstable which poses a direct threat of vicious and violent attacks to be evident should I return to population at Calhoun State Prison.
> 
> Institutional Staff has refuse me this right by placing me on admin. seg refusing housing attempting to force me out, the continue threats of D.R. for the request of assistance from the staff is condoned, tolerated and encouraged by administration harms me personally and physically.

*Id.* Ex. 3 at 1, ECF No. 22-5. Grievance 205763 was denied on November 9, 2015. *Id.* Ex. 4, ECF No. 22-6. Plaintiff received notice of the denial on November 16, 2015. *Id.* Plaintiff states in his Recast Complaint that he did not appeal grievance 205763 "[b]ecause [he] was transferred to Washington State Prison before [he] could appeal[.]" Recast Compl. 4. In his brief in opposition to the motion to dismiss, Plaintiff states, contrarily, that "he submitted his appeal to Counselor K. Simpson on the exact date of 11-19-15" for grievance 205763. Br. in Opp'n to Mot. to Dismiss 7. Plaintiff does not have a receipt for the appeal of grievance 205763.[1]

The Court finds that Plaintiff filed multiple grievances at Calhoun State Prison prior to filing this action. The evidence shows that grievance 205763 was filed on October 6, 2015. Plaintiff received receipt of the denial of that grievance on November 16, 2015. Given Plaintiff's conflicting statements regarding whether he appealed grievance 205763 and the lack of a grievance appeal receipt, the Court finds that Plaintiff did not appeal grievance 205763.

---

[1] Plaintiff submitted a receipt for an appeal of grievance 224795, filed on October 3, 2016. Pl.'s Aff. Ex. 3, ECF No. 26-2 at 6. Plaintiff states that grievance 224795 concerns a "sentence computation issue" unrelated to the present action. Pl.'s Aff. ¶ 12, ECF No. 26-1.

6

Even if Plaintiff had appealed this grievance, and thus fully exhausted, grievance 205763 fails to relate to the one remaining claim in this case—a claim for excessive force against Defendants Holloman, Hendrix, Ingram, and White. For a grievance to relate to a specific claim, it must "provide[] the institution with notice of a problem such that [the institution has] an opportunity to address the problem internally." *Toennings v. Ga. Dep't of Corr.*, 600 F. App'x 645, 649 (11th Cir. 2015). Plaintiff's general statements in grievance 205763 that he is "in fear of my life" and that there is a threat of "vicious and violent attacks" should he be returned to general population at Calhoun State Prison indicate that Plaintiff is concerned with his housing assignment. Scott Aff. Ex. 3 at 1. These statements fail to put Calhoun State Prison on notice that Plaintiff allegedly suffered an assault from several prison guards. Plaintiff thus failed to exhaust his administrative remedies and Defendants' motion to dismiss should be granted.[2]

## II. Plaintiff's Motion to Amend

Plaintiff moves to amend to assert a new claim for deliberate indifference to his serious medical needs against Defendants Holloman, Hendrix, Ingram, and White and to reassert claims for injunctive relief, declaratory relief, and damages due to Plaintiff's alleged deprivation of due process during disciplinary proceedings.[3] Mot. to Am. 2-3. Because Plaintiff already amended his complaint, his current motion to amend is

---

[2] The Court finds no merit to Plaintiff's argument that because his claim is for excessive force, filing a grievance is futile. "[T]he exhaustion requirement cannot be waived based upon the prisoner's belief that pursuing administrative procedures would be futile." *Higginbottom v. Carter*, 223 F.3d 1259, 1261 (11th Cir. 2000).

[3] In its order for response to the motion to dismiss, the Court explained to Plaintiff that he may amend in response to a motion to dismiss in order to cure deficiencies brought to light by the motion. Notification of Mot. to Dismiss 2, Sept. 7, 2017, ECF No. 23. Plaintiff fails to use his motion to amend for this purpose.

governed by Rule 15(a)(2) which requires leave of court. Such leave should be "freely give[n]" when "justice so requires." Fed. R. Civ. P. 15(a)(2). However, "a district court may properly deny leave to amend the complaint under Rule 15(a) when such amendment would be futile." *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11th Cir. 2004).

Amendment here would be futile. Plaintiff's proposed claims for deliberate indifference would require dismissal for the same reason his claims for excessive force should be dismissed—failure to exhaust. Plaintiff's proposed due process claims fail for the same reasons explained in the July 26, 2017, Order and Recommendation. *See* Order & R. 5-12, ECF No. 14. Plaintiff has not alleged any additional facts that change the previous analysis on preliminary review of these claims. *Id.* It is consequently recommended that Plaintiff's motion to amend be denied.

## CONCLUSION

For the reasons explained above, it is recommended that Defendants' motion to dismiss (ECF No. 22) be granted and Plaintiff's motion to amend (ECF No. 26) be denied. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof. The district judge shall make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a

report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 28th day of November, 2017.

S/ Stephen Hyles  
UNITED STATES MAGISTRATE JUDGE