IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | | |
|---|---|---|
| CARLOS DE'ANDRE PARHAM, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 1:17-CV-130 (MTT) |
| GEORGIA DEPARTMENT OF CORRECTIONS, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Stephen Hyles. Doc. 29. The Magistrate Judge recommends that Defendants Bobby White, Joshua Ingram, Matthew Hendrix, and Russell Holloman's motion to dismiss (Doc. 22) for failure to exhaust administrative remedies be granted and that Plaintiff Carlos De'Andre Parham's motion to amend (Doc. 26) be denied as futile. Doc. 29 at 7, 8. Parham has not objected to the Recommendation. The Court has reviewed the Recommendation, and the Court accepts and adopts the findings, conclusions, and recommendations of the Magistrate Jude. The Recommendation is **ADOPTED** and made the order of this Court. Accordingly, the Defendants' motion to dismiss (Doc. 22) for failure to exhaust administrative remedies is **GRANTED**, and thus Parham's remaining claims are **DISMISSED without prejudice**.[1] Additionally, Parham's motion to amend (Doc. 26) is **DENIED** as futile.

---

[1] The applicable two-year statute of limitations may have run. Therefore, dismissal is, in effect, likely with prejudice. *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993); *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981). Some circuits have held that equitable tolling applies while a prisoner exhausts his administrative remedies, but the Eleventh Circuit has not made such a holding. *See Napier v.*

**SO ORDERED**, this the 5th day of January, 2018.

                                                 S/ Marc T. Treadwell
                                                 MARC T. TREADWELL, JUDGE
                                                 UNITED STATES DISTRICT COURT

---

*Preslicka*, 314 F.3d 528, 534 n.3 (11th Cir. 2002) (citing *Clifford v. Gibbs*, 298 F.3d 328, 332-33 (5th Cir. 2002)); *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1280 (11th Cir. 2001). The Eleventh Circuit has, however, suggested that Georgia's renewal statute, O.C.G.A. § 9-2-61, applies in 42 U.S.C. § 1983 cases. *See Scott v. Muscogee Cty.*, 949 F.2d 1122, 1123 (11th Cir. 1992). Regardless, even if Parham is barred from refiling this claim, dismissal is appropriate. Parham was advised of the consequences of a motion to dismiss for failure to exhaust administrative remedies, instructed to supplement the record as to the issue of exhaustion, and given an opportunity to do so. Doc. 22. The record shows that Parham has failed to exhaust his administrative remedies. *See Bryant v. Rich*, 530 F.3d 1368, 1375 n.11 ("We do not mean to say today that a failure to exhaust can never correctly result in a dismissal with prejudice." (citing *Johnson v. Meadows*, 418 F.3d 1152, 1157 (11th Cir. 2005); *Berry v. Kerik*, 366 F.3d 85, 87-88 (2d Cir. 2004))).